IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**BRENDA L. MASON,**

**Defendant.**                                                                 **No. 10-CR-30190-DRH**

## ORDER

**HERNDON, Chief Judge**:

Now before the Court is Defendant's sealed motion for continuance of trial date (Doc. 15). The Government does not object. Based on the reasons stated in the sealed motion, the Court grants the motion. The Court being fully advised in the premises finds that Mason needs additional time. The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendant in a speedy trial. The Court also finds that to deny a continuance of the matter would result in a miscarriage of justice.

Therefore, the Court **GRANTS** Defendant's January 1, 2011 sealed motion for continuance of trial date (Doc. 15). The Court **CONTINUES** the jury trial

scheduled for January 3, 2011 to Monday, February 28, 2011 at 9:00 a.m. The time from the date the original motion was filed, January 3, 2011, until the date to which the trial is rescheduled, February 28, 2011, is excludable time for the purposes of speedy trial.

Further, in continuing this trial, the Court also notes that Defendant was previously given twenty-one (21) days from the date of her arraignment in which to file pre-trial motions and complete discovery. According to a recent Supreme Court decision, **Bloate v. United States, 130 S.Ct 1345 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161(h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**. In light of **Bloate**, the Court finds that the time granted to Defendant Mason for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. §3161(h)(7)(A)** as the justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial. To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice. Therefore, for purposes of the Order issued November 9, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 9), the Court notes that the time from the arraignment, November 9, 2010, until the date on which the twenty-one days expired, November 30, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on

the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 3rd day of January, 2011.

David R. Herndon
2011.01.03
11:08:44 -06'00'

**Chief Judge
United States District Court**